## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ROBERT MARONE,

      Plaintiff,

v.                                                    Case No:  2:14-cv-616-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff Robert Marone appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB").   For the reasons discussed herein, the decision of the Commissioner is affirmed.

### I.    Issues of Appeal[1]

Plaintiff raises two[2] issues on appeal: (1) whether the residual functional capacity ("RFC") finding of Administrative Law Judge ("ALJ") Larry J. Butler is supported by substantial evidence; and (2) whether the ALJ erred in failing to obtain a vocational expert ("VE").

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ([A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."), cited in *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013).

[2] The Court has combined Plaintiff's first two issues into one issue, as both issues address the ALJ's RFC finding.

## II.    Procedural History and Summary of the ALJ's Decision

Plaintiff protectively filed an application for DIB alleging a disability that began on February 1, 2008.[3]   Tr. 62, 166-69.   The Social Security Administration denied his claim initially on April 16, 2009 and upon reconsideration on July 9, 2009. Tr. 124, 130.   Plaintiff requested and received a hearing before ALJ Larry J. Butler on September 10, 2010, during which he was represented by an attorney.   Tr. 57-83. Plaintiff testified at that hearing.   The ALJ issued an unfavorable decision on September 21, 2010.   Tr. 105-14.

The Appeals Council remanded this case on March 22, 2012 and directed the ALJ to obtain additional evidence concerning Plaintiff's impairments; if warranted, obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's impairments; consider Plaintiff's maximum RFC and provide rationale with specific references to evidence and, in doing so, evaluate the treating, non-treating and non-examining sources and explain the weight given to such opinion evidence; evaluate Plaintiff's past relevant work and obtain supplemental evidence from a VE to determine whether Plaintiff has acquired any skills that are transferable; and if warranted, obtain supplemental evidence from a VE to clarify the effect of the assessed limitations of Plaintiff's occupational base.   Tr. 120-21.

Plaintiff appeared and testified a second hearing before ALJ Butler on July 31, 2012, during which he was represented by the same attorney as his prior hearing.

---

[3] In Plaintiff's application, he alleged that he became disabled on November 2, 2006. Tr. 166.   At the administrative hearing, he clarified that his alleged onset date was February 1, 2008.   Tr. 62.

Tr. 25-56.   On February 15, 2013, the ALJ issued a decision finding Plaintiff not disabled and denying his claim.   Tr. 12-20.   Initially, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act on September 30, 2010.   Tr. 14.   At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity during the period from February 1, 2008, his alleged onset date, through September 30, 2010, his date last insured.   *Id.*   At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, shoulder impingement and status-post compound hand fracture.   *Id.* At step three, the ALJ concluded that Plaintiff "[does] not have an impairment or combination of impairments that [meets] or medically [equals] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."   Tr. 17.

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff has the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] is limited to occasionally climbing ramps and stairs and may never [climb] ladders, ropes, or scaffolds. [Plaintiff] may only occasionally balance, stoop, kneel, crouch, or crawl. [Plaintiff] is limited in reaching overhead and should avoid concentrated exposure to vibrations and hazards such as moving machinery or unprotected heights.

*Id.*   The ALJ found that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence and the limiting effects of the symptoms are not fully credible. Tr. 18.   The ALJ found that Plaintiff is capable of performing past relevant work as a sales manager, and this would not require the performance of work-related

activities precluded by the Plaintiff's RFC.   Tr. 20.   Thus, the ALJ found that Plaintiff is not disabled and denied his claim.   *Id.*

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on September 10, 2014.   Tr. 1-4. Accordingly, the February 15, 2013 decision is the final decision of the Commissioner.   Plaintiff filed an appeal in this Court on October 22, 2014.   Doc. 1.

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. §§ 404.1520.   The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner.   *Id.*;

*Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).   The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit recently has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."   *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP,* 95 F.3d 1079, 1082 (11th Cir. 1996)).   Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.   *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   "The district court must view the record as a whole, taking into account evidence favorable

as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).   It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Commissioner,* 2015 WL 1453364, at *2 (11th Cir. 2015) (citing *Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971)).

IV.   **Discussion**

a. *Whether the ALJ's RFC finding is supported by substantial evidence*

Plaintiff contends that the ALJ's RFC finding is not supported by substantial evidence for five reasons: (1) the ALJ failed to explain why he did not include in the RFC the postural limitations identified by Dr. Janet Attlesey, a state agency consultant; (2) the ALJ failed to make his RFC finding based on preponderance of the evidence rather than substantial evidence; (3) the ALJ focused only on the evidence that supported his finding, while ignoring contrary evidence; (4) substantial evidence does not support the ALJ's findings of no limitation in activities of daily living and mild limitations in social functioning and concentration, persistence or pace, or the ALJ's failure to include non-exertional mental limitations in Plaintiff's RFC; and (5) the ALJ failed to describe the maximum amount of overhead reaching Plaintiff can perform.   Doc. 14 at 17-22.

When an impairment does not meet or equal a listed impairment at step three, as in this case, the ALJ will proceed to step four to assess and make a finding

regarding the claimant's RFC based upon all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1520(e). Here, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 17. The ALJ then proceeded to assess and make a finding regarding the claimant's RFC. The RFC is the most that a claimant can do despite his limitations. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence and medical source statements. *Id.* At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). The determination of RFC is within the authority of the ALJ; and the claimant's age, education and work experience are considered in determining the claimant's RFC and the claimant's ability to return to past relevant work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

### 1. *Dr. Janet Attlesey*

Plaintiff states the ALJ failed to explain why he did not include in the RFC the postural limitations identified by Dr. Attlesey. Doc. 14 at 17. Specifically Plaintiff argues that "despite giving significant weight to Dr. Attlesey's (a state agency

examiner) medical source statement (Tr. 19), the ALJ without explanation, did not include in the RFC the postural limitations Dr. Attlesey opined and only found [Plaintiff] 'limited in reaching overhead,' when Dr. Attlesey indicated a limitation in *reaching in all direction*." *Id.* (emphasis in original). Plaintiff elaborates that the ALJ also failed to explain why he rejected Dr. Attlesey's opinions that Plaintiff was limited to occasionally balancing, stooping, kneeling, crouching and crawling. *Id.* The Commissioner responds that Plaintiff's argument should be disregarded because the ALJ included all of the limitations identified in Dr. Attlesey's opinion.   Doc. 15 at 8.   The Commissioner also states that when asked to describe how Plaintiff is limited in his ability to reach, Dr. Attlesey opined, "'B[ilateral] overhead 1/3 [of the time].'"   *Id.* at 9 (citing Tr. 774).

When determining how much weight to afford an opinion, the ALJ considers whether there is an examining or treatment relationship and the nature and extent thereof; whether the source offers relevant medical evidence to support the opinion; consistency with the record as a whole; the specialization of the source, if any; and any other factors that tend to support or contradict the opinion.   20 C.F.R. § 404.1527(c)(1)-(6).   Findings of fact made by state agency medical and psychological consultants as to the nature and severity of a claimant's impairments must be treated as expert opinion evidence of nonexamining sources by the ALJ; but the ultimate opinions as to whether a claimant is disabled, the severity of a claimant's impairments, the claimant's RFC and the application of vocational factors are exclusively reserved to the Commissioner.   SSR 96-6p; 20 C.F.R. § 404.1527(d)(1)-

(2).   Unless a treating source's opinion is given controlling weight, the ALJ must explain the weight given to the opinions of other consultants, doctors or medical specialists.   20 C.F.R. § 404.1527(e)(2)(ii); *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 877 (11th Cir. 2006).

In the Eleventh Circuit, the law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 630 F.3d at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   The court reiterated in *Winschel*, "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."   630 F.3d at 1179 (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).   An ALJ who fails to "state with at least some measure of clarity the grounds for his decision" cannot be affirmed because the court cannot perform its duty to "scrutinize the record as a whole to determine whether the conclusions reached are rational." *Winschel*, 630 F.3d at 1179 (citations omitted).

On June 17, 2009, Dr. Attlesey completed a Physical Residual Functional Capacity Assessment of Plaintiff.   Tr. 771-78.   Dr. Attlesey opined that Plaintiff can lift/carry up to twenty pounds occasionally and up to ten pounds frequently.   Tr. 772.   Plaintiff has the ability to stand/walk for about six hours in an eight-hour workday and sit for a total of six hours in an eight-hour workday.   *Id.*   Plaintiff also has an unlimited ability to push and/or pull.   *Id.*   Dr. Attlesey further opined that Plaintiff has the following postural limitation: climbing ramps/stairs occasionally and

never climbing ladders, ropes or scaffolds; and balancing, stooping, kneeling, crouching and crawling occasionally.   Tr. 773.   Dr. Attlesey marked that Plaintiff has an unlimited ability for handling, fingering and feeling, but he was limited in his ability to reach in all directions including overhead.   Tr. 774.   As the Commissioner noted, however, when Dr. Attlesey was asked to describe how the activities marked "limited" were impaired, Dr. Attlesey stated, "B[ ]⁴ overhead 1/3."   *Id.*   Dr. Attlesey does not state that Plaintiff is limited in reaching in *all* directions, as Plaintiff asserts. *See id*; Doc. 14 at 17.   Finally, Dr. Attlesey opined that Plaintiff should avoid exposure to vibration and hazards (machinery, heights, etc.).   Tr. 775.

Here, the ALJ also found that Plaintiff is limited to "occasionally climbing ramps and stairs and may never [climb] ladders, ropes, or scaffolds. [Plaintiff] may only occasionally balance, stoop, kneel, crouch, or crawl. [Plaintiff] is limited in reaching overhead and should avoid concentrated exposure to vibrations and hazards such as moving machinery or unprotected heights."   Tr. 17.   The Court does not find that the ALJ's RFC is in any way inconsistent with that of Dr. Attlesey.   The ALJ gave Dr. Attlesey's opinion significant weight, and the ALJ's opinion is consistent with that of Dr. Attlesey.   Thus, there are no opinions of Dr. Attlesey that the ALJ rejected without explanation, as he appears to have incorporated Dr. Attlesey's entire opinion.

---

⁴ "B" is a typical abbreviation used by medical professionals to denote the word "bilateral."
http://www.medilexicon.com/medicalabbreviations.php?keywords=bilateral&search=definition

## 2. *Legal Standard*

Plaintiff next argues that the ALJ failed to base the RFC on the preponderance of the evidence.   Doc. 14 at 17.   Specifically, Plaintiff states, "the ALJ asserted that he rejected treating physician Dr. [Thomas] Mattras' opinion because 'it [was] inconsistent with substantial evidence of record.'"   *Id.* at 18 (quoting Tr. 19). Plaintiff contends that this was an explicit statement by the ALJ that he found Plaintiff not disabled based on substantial evidence, rather than a preponderance of the evidence.   *Id.*   In response, the Commissioner states that Plaintiff's argument lacks merit, because, "while the ALJ's decision should be based upon a preponderance of the evidence, the regulations impose a different standard when the ALJ weighs the medical opinion evidence."   Doc. 15 at 9 (citing 20 C.F.R. §§ 404.953(a), 404.1527(c)(2)).

The regulations provide "[t]he Administrative Law Judge must base the decision on the preponderance of the evidence offered at the hearing or otherwise included in the record."   20 C.F.R. § 404.953(a).   When evaluating opinion evidence, however, generally the ALJ gives more weight to a treating physician as long as the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" of record.   20 C.F.R. § 404.1527(c)(2).   The term "not inconsistent" means, "that a well-supported treating medical source opinion need not be supported directly by all of the evidence (i.e., it does not have to be consistent with all the other evidence) as long as there is no substantial evidence in the case record that contradicts or conflicts with the

opinion."   SSR 96-2p, 1996 WL 374188, at *3.   Sometimes there will be obvious inconsistencies, while other times it will be less obvious; but the determination of whether a medical opinion is "not consistent" is a judgment that the ALJ must make in each case.   *Id.*   Moreover, simply because an opinion may be inconsistent with the other substantial evidence of records does not mean the opinion should be rejected, but rather that it should not be entitled to controlling weight.   *Id.* at *4.

Plaintiff relies upon a case from the Fifth Circuit[5] for the proposition that even if the Court finds that substantial evidence supports the decision, the ALJ's failure to apply the proper legal standard requires reversal.   *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981) (citing *Knox v. Finch*, 427 F.2d 919, 920 (5th Cir. 1970)). In *Western*, the ALJ improperly shifted the burden to the claimant to show not only that she could not perform her past relevant work, but also to prove that she could not perform other work.   *Id.*   The court noted that once the claimant met her burden of showing that she could not perform her past relevant work, the burden shifted to the Secretary to show that there was other types of work the claimant could perform. *Id.*   The court reversed the decision of the ALJ because he failed to apply the proper legal standard.   *Id.*

Here, however, the ALJ applied the proper legal standard when evaluating the weight accorded to Dr. Mattras.   As discussed by the Commissioner, the regulations state that when evaluating the opinion of a treating physician, the opinion must not

---

[5]   The Eleventh Circuit adopted as binding precedent, the decisions of the Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

be inconsistent with other *substantial evidence of record*. Doc. 9 at 15 (citing 20 C.F.R. § 404.1527(c)(2)). The ALJ gave no weight to Dr. Mattras' opinion because he concluded that it was inconsistent with substantial evidence of record, which included Plaintiff's extensive activities of daily living and objective testing revealing only mild irregularities. Tr. 19. Although Plaintiff states that under SSR 96-2p, the ALJ should not have rejected the opinion of Dr. Mattras, there is nothing in the regulations stating that the ALJ could not reject the opinion as being inconsistent with other evidence of record. *See* SSR 96-2p. Plaintiff does not appear to contest the weight given to Dr. Mattras, as Plaintiff states that the issue is not whether a preponderance of the evidence supports the rejection of Dr. Mattras, but whether the ALJ based his rejection on a preponderance of the evidence. Doc. 14 at 18. Plaintiff appears only to contest the legal standard applied. *Id.*

In the reply brief, however, Plaintiff argues for the first time that substantial evidence does not support the ALJ's decision to reject Dr. Mattras' opinion, and that Dr. Mattras' opinion should have been given greater weight than the opinion of Dr. Attlesey because it was based on a more complete record. Doc. 21 at 5. Plaintiff also asserts that the decision is not supported by substantial evidence because the ALJ failed to consider all of the regulatory factors set forth in 20 C.F.R. § 404.1527(c).

As discussed *supra*, the ALJ must weigh any medical opinion based on the treating relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source and other

factors. *See* 20 C.F.R. § 404.1527(c)(1)-(6).   Opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. § 404.1527(c)(2).   If the opinion of a treating physician as to the nature and severity of a claimant's impairment is supported by acceptable medical evidence and is not inconsistent with other substantial evidence of record, the treating physician's opinion is entitled to controlling weight.   *Id.*

By contrast, if the ALJ does not afford controlling weight to a treating physician's opinion, he must clearly articulate the reasons for doing so.   *Winschel* 631 F.3d at 1179.   The ALJ did so here.   Although the regulations require that the ALJ consider all factors set forth in 20 C.F.R. § 404.1527(c), the ALJ is not required to expressly address each factor so long as he demonstrates good cause to reject the opinion.   *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011). "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'"   *Castle v. Colvin*, 557 F. App'x 849, 854 (11th Cir. 2014) (quoting *Phillips*, 357 F.3d at 1240); *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 922 (11th Cir. 2007) ("Good cause to discount a treating physician may arise where a report 'is not accompanied by objective medical evidence or is wholly conclusory.'") (quoting *Crawford v. Comm'r of*

*Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004)).   "The ALJ may also devaluate the opinion of a treating physician where the opinion is contradicted by objective medical evidence."   *Green*, 223 F. App'x at 922.

Here, the ALJ determined that Dr. Mattras' opinion was contradicted by objective medical evidence.   The Eleventh Circuit has held that an ALJ is not required to explicitly address each regulatory factor when rejecting an opinion, provided the ALJ shows good cause.   *See Lawton,* 431 F. App'x at 833.   In this case, the Court concludes that ALJ applied the correct legal standard and showed good cause in rejecting the opinion of Dr. Mattras when he concluded that the physician's opinions were inconsistent with other substantial evidence of record.

### 3. Contrary Evidence

Next, Plaintiff argues that the ALJ focused only on the evidence supporting his RFC finding and ignored all contrary evidence.   Doc. 14 at 18.   Plaintiff alleges that the ALJ ignored objective evidence indicating repeated observations that Plaintiff had a limp, walked slowly, and had multiple examinations revealing tenderness to palpation of his shoulders and/or lumbar spine and pain with shoulder range of motion.   *Id.* at 29.   The Commissioner responds that there is no requirement that the ALJ specifically refer to every piece of evidence in his decision.   Doc. 15 at 10 (citing *Dyer*, 395 F.3d at 1211).   Moreover, the Commissioner states that the MRI and progress notes indicating that Plaintiff walks with a limp do not establish that Plaintiff has additional functional limitations.   *Id.*   Additionally, the Commissioner argues that Plaintiff is not entitled to relief on his claim that the ALJ ignored the

findings of tenderness and pain on range of motion when they were the basis for Dr. Attlesey's decision and the ALJ's RFC finding is nearly identical to Dr. Attlesey's opinion; thus, they are fully incorporated in the ALJ's decision. *Id.*

As previously addressed, the ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). The ALJ cannot simply focus on the evidence that supports his decision, while disregarding other contrary evidence. *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) (citing *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)). The ALJ must evaluate the record as a whole. *Id.* The Eleventh Circuit, however, has held that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection" that is insufficient to permit the district court "to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211.

Plaintiff argues that the ALJ discussed only one instance of an observed limp, when there are numerous observations in the records. Doc. 14 at 18-19. He also states the ALJ only discusses two instances of shoulder tenderness and one instance of foot tenderness, when the records contain multiple observations showing that Plaintiff walked slowly and had tenderness in his shoulders and/or lumbar spine and pain with shoulder range of motion. *Id.* at 19. Plaintiff, however, fails to explain how this additional evidence establishes that he has additional functional limitations. The ALJ recognized that Plaintiff had a limp and complaints of foot pain. Tr. 15-16. Plaintiff does not articulate how the ALJ discussing the additional notations in the

record indicating foot pain would establish that Plaintiff has additional functional limitation.   The ALJ has a responsibility to consider all of the relevant evidence of record; but again, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision. 20 C.F.R. § 404.1545(a)(1); *Dyer*, 395 F.3d at 1211. Thus, the Court finds that the ALJ's decision is supported by substantial evidence even though he did not refer to every piece of evidence in his decision.

### 4. *Mental Impairments*

Next Plaintiff argues that substantial evidence does not support the ALJ's findings of no limitation in activities of daily living, mild limitations in social functioning and concentration, persistence, or pace or his exclusion of non-exertional mental limitations in the RFC.   Doc. 14 at 20.   Plaintiff again asserts that the ALJ ignored evidence contrary to his findings.   *Id.*   The Commissioner responds that only Dr. Keith Bauer and Dr. Steven Wise, both state agency consultants, rendered opinions concerning Plaintiff's mental functioning.   Doc. 15 at 11; Tr. 749, 779.   The Commissioner states that their opinions were rendered before Dr. Cecilia Sunnenberg, Plaintiff's treating psychiatrist, rendered her opinions, and many of Dr. Sunnenberg's opinions are from after Plaintiff's date last insured.   *Id.* at 11 n.6. The Commissioner notes, however, that the ALJ reviewed Dr. Sunnenberg's records and found them to be consistent with that of Dr. Bauer and Dr. Wise.   Doc. 15 at 12; Tr. 19.

On April 15, 2009, Dr. Bauer completed a psychiatric review technique and concluded that Plaintiff not does have a severe impairment.   Tr. 749.   He concluded

that Plaintiff has an adjustment disorder with depressed mood and a mood disorder not otherwise specified. Tr. 752. He found that Plaintiff has no limitations in activities of daily living, mild limitations in social functioning, concentration, persistence or pace and no episodes of decompensation. Tr. 759. Dr. Bauer noted that Plaintiff did not report any current mental health sources on his application and did not list being prescribed psychotropic medication. Tr. 761. Dr. Bauer reviewed Plaintiff's past medical records indicating Plaintiff's history of alcohol and cocaine dependence and depression due to dealing with chronic pain. *Id.* Dr. Bauer found that Plaintiff has no more than mild functional limitation that can be reasonably attributed to his recent onset of depression secondary to his pain. *Id.*

On July 7, 2009, Dr. Wise also completed a psychiatric review technique and concluded that Plaintiff does not have a severe impairment. Tr. 779. Dr. Wise found that Plaintiff has depression that appears non-severe. Tr. 782. He concluded that Plaintiff has no limitations in activities of daily living, mild limitations in social functioning and concentration, persistence or pace and no episodes of decompensation. Tr. 789. Dr. Wise also opined that Plaintiff has a distant history of depression with a recent follow-up depicting mild depressive issues. Tr. 791. He further noted that Plaintiff's prior substance abuse does not currently appear relevant. *Id.*

Dr. Sunnenberg's records generally reveal that while Plaintiff exhibited a depressed mood, his thought process was logical and coherent, he had no intent on harming himself, and he denied homicidal ideation, auditory and visual

hallucinations, and paranoia.   Tr. 469, 477, 804, 821, 856-57, 861, 864, 880.   Dr. Sunnenberg routinely made adjustments to Plaintiff's medication.   Tr. 804, 821, 856-57, 880.   Dr. Sunnenberg also noted that Plaintiff struggles with insomnia and has prescribed him medication accordingly.   Tr. 856-57, 863-64, 880.

In Plaintiff's function report, he reported that he lives in a house with friends, and he does not do anything.   Tr. 242.   He reported that he is in severe pain day and night.   Tr. 243.   He does not take care other anyone else.   *Id.*   He needs reminders to take his medication, but he is able to take care of his personal needs and grooming.   Tr. 244.   He is able to go shopping, count change, handle a savings account and use a checkbook.   Tr. 245.   On April 27, 2010, Plaintiff reported to Dr. Sunnenberg that he was able to visit his son in Virginia and that he continued to help his significant other who is disabled.   Tr. 860.

The ALJ found that Plaintiff has no limitations in his activities of daily living.   Tr. 16.   In making this finding, the ALJ stated that Plaintiff repeatedly reported that his activities of daily living were limited because of his physical pain and not his mental symptoms.   *Id.*   The ALJ discussed Plaintiff traveling out of state and his ability to help his significant other who is disabled.   *Id.*

The ALJ opined that Plaintiff has a mild limitation in social functioning and in concentration, persistence or pace.   *Id.*   The ALJ stated that Plaintiff appeared generally pleasant and cooperative and was able to get along with well with others.   *Id.*   The ALJ acknowledged that Plaintiff's concentration appeared limited by his reports of chronic pain.   *Id.*   The ALJ stated that testing revealed that Plaintiff's

attention and concentration were within normal limits, but his memory did appear impaired. *Id.*   Thus, the ALJ found that that Plaintiff had a mild limitation in concentration, persistence or pace.   *Id.*   The ALJ found that Plaintiff has had no episodes of decompensation which have been of extended duration.   *Id.*

When evaluating Plaintiff's RFC, the ALJ noted that Plaintiff was on three different anti-depressants.   Tr. 18.   The ALJ also considered that Plaintiff has depression, anxiety, mood swings, and irritability and does not like to deal with people as much as he used to.   *Id.*   The ALJ discussed that Plaintiff has the ability to bathe and dress himself.   *Id.*   The ALJ further discussed Plaintiff's medication adjustments and reports of Plaintiff engaging in significant daily living throughout the record.   Tr. 19.   The ALJ noted that Plaintiff can handle his finances and does not have difficulties taking care of his daily activities.   *Id.*   The ALJ considered the reports from Dr. Bauer, Dr. Wise and Dr. Sunnenberg.   *Id.*   The Court finds that the ALJ's decision is largely consistent with those reports and thus, supported by substantial evidence.   An ALJ is not required to discuss every piece of evidence in his decision. *Dyer*, 395 F.3d at 1211.   Moreover, based on the ALJ's conclusions regarding Plaintiff's functional limitations, the Court finds no error in the ALJ failing to include any mental limitations in Plaintiff's RFC.

### 5.  Overhead Reaching

Plaintiff also asserts that the ALJ erred by not articulating the maximum amount of overhead reaching Plaintiff could perform.   Doc. 14 at 21.   Plaintiff further argues that because the ALJ did not define the maximum amount of overhead

reaching that Plaintiff can perform, it was impossible for the ALJ to correctly compare the RFC to the demands of Plaintiff's past relevant work.   *Id.*   The Commissioner responds that if there was any error in failing to articulate the maximum amount of overhead reaching, it was harmless error.   Doc. 15 at 12. First, the Commissioner states that it appears that the ALJ adopted the opinion of Dr. Attlesey who opined that Plaintiff was limited to bilateral overhead reaching for no more than one-third of the workday.   *Id.*   Second, the Commissioner argues that Plaintiff never indicated that his past relevant work required him to do any overheard reaching, and thus, any error did not affect the ALJ's ultimate conclusion.   *Id.* at 12- 13 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).   The Commissioner also argues that Plaintiff failed to meet his burden of showing that he was unable to perform his past relevant work as a sales manager.   *Id.* at 13-14.

The claimant bears the burden of persuasion through step four and at step five the burden shifts to the Commissioner.   *Bowen*, 482 U.S. at 146 n.5.   A claimant is entitled to benefits only if the ALJ determines that he is unable to perform his past work or any other work.   *Id.* at 141-42.   The regulations provide that an RFC assessment must "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record."   SSR 96- 8p, 1996 WL 974184, at *7.   When making a disability determination, the ALJ will consider his RFC finding and compare it with the physical and mental demands of the claimant's past relevant work.   20 C.F.R. § 404.1520(f).

Here, the ALJ concluded that Plaintiff was capable of performing his past relevant work as a sales manager.   Tr. 20.   In comparing the ALJ's RFC finding to the mental and physical demands of Plaintiff's past relevant work the ALJ stated: "[P]laintiff indicated that he performed this job at the sedentary exertional level[6] and was never required to lift more than ten pounds. The job did not require noteworthy climbing, stooping, kneeling, crouching, crawling, reaching or handling (2E, 6E, 16E)."   Tr. 20.   Thus, the ALJ concluded that Plaintiff was able to perform his past relevant work as it was actually performed.   *Id.*

Plaintiff argues that the ALJ's description of his past relevant work as not requiring "noteworthy" reaching fails to describe the demands of Plaintiff's past relevant work, just as "limited" fails to describe the maximum amount of overhead reaching.   Doc. 14 at 22.   In response, the Commissioner states Plaintiff failed to meet his burden of proving that he could not perform his past relevant work, because based on Plaintiff's work history reports, there was substantial evidence for the ALJ to conclude that Plaintiff could perform his past relevant work; and at no point did Plaintiff indicate that his job as a sales manager required him to do any reaching. Doc. 15 at 14.

Plaintiff prepared a work history report on January 5, 2009.   Doc. 234-41. Plaintiff reported three different types of sales positions he previously has worked.

---

[6] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."   20 C.F.R. § 416.967(b).

*Id.* When Plaintiff worked in auto sales, he reported that he did not have to use machines, tool or equipment. Tr. 235. He also reported that he did not have to do any lifting or carrying, but if he did the heaviest weight was less than ten pounds. *Id.* He also did not indicate whether he did any walking, standing, sitting, climbing, stooping, kneeling, crouching, crawling, handling or reaching. *Id.* Plaintiff reported that he could not describe those physical requirements. *Id.* Plaintiff also had past work selling electrical items and components. Tr. 236. The physical requirements he reported were nearly identical to those he reported for his position in auto sales, except he reported that he did very little lifting rather that no lifting. *Id.* He again reported that he could not describe the physical requirements. *Id.* In Plaintiff's past work selling mobility equipment, he again provided a similar report. Tr. 237.

First, the Court finds no error in the ALJ stating that Plaintiff was limited in overhead reaching. This finding has no bearing on the ALJ's ability to compare the RFC to Plaintiff's past relevant work. Here, the ALJ relied upon Plaintiff's description of his past relevant work to determine whether Plaintiff could perform his past relevant work when compared to the RFC finding. The ALJ found that Plaintiff's past relevant work did not require any noteworthy climbing, stooping, kneeling, crouching, crawling, reach or handlings. Tr. 20. This is consistent with the work history reports prepared by Plaintiff. Tr. 235-37. "The [Plaintiff] is the primary source for vocational documentation, and statement by the [Plaintiff] regarding past work are generally sufficient for determining the skill level; exertional

demands and nonexertional demands of such work."   SSR 82-62, 1982 WL 31383, at *3.   Thus, the ALJ properly relied upon this evidence, and the Court finds the ALJ's conclusion that Plaintiff can perform his past relevant work supported by substantial evidence.   Plaintiff has failed to meet his burden of establishing that he cannot perform his past work as a sales manager.

### b.  Whether the ALJ erred in failing to obtain a VE

Plaintiff contends that the ALJ must obtain testimony from a VE about whether Plaintiff has any transferable skills.   Doc. 14 at 23.   The Commissioner argues that this claim lacks merit because the ALJ was only required to consider Plaintiff's transferable skills if he found that Plaintiff could not perform his past relevant work.   Doc. 15 at 15.   The Court agrees.

In a disability determination, once a claimant proves that he can no longer perform his PRW, "the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."   *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).   Here, because the Court finds that substantial evidence supports the ALJ's finding that Plaintiff can perform his past relevant work, the ALJ was not required to elicit testimony from a VE to determine whether Plaintiff has any transferable skills and whether jobs exist in the national economy that Plaintiff can perform.

### V.   Conclusion

Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff is not disabled is

supported by substantial evidence.   Where, as here, the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the preponderance of the evidence is against the Commissioner's decision.   *Edwards*, 937 F.2d at 584 n.3; *Barnes*, 932 F.2d at 1358.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     The decision of the Commissioner is **AFFIRMED**.

2.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of March, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record